IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-01138-LTB-KLM

GEROL K. FIELDS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

---

## ORDER

---

This case is before me on Plaintiff's Motion to Remand Action to State Court [Doc #15]. After consideration of the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

## I. Background

Plaintiff, a Colorado resident, commenced this action against Defendant, an Illinois corporation, in the state district court for Jefferson County, Colorado. Plaintiff's Complaint states claims for declaratory relief/reformation, breach of insurance contract, willful and wanton statutory bad faith, and common law bad faith based on Defendant's alleged violation of Colorado law in not offering enhanced personal injury protection ("PIP") benefits under the automobile insurance policies purchased by Plaintiff's father and Karen Eiffert, whose vehicle struck Plaintiff as a pedestrian. Plaintiffs' Complaint alleges that he has suffered personal injuries and other losses as a result of the accident that exceed the limits of coverage for basic PIP benefits and requests declaratory relief that enhanced PIP benefits are available to him;

damages "in an amount equal to that which Defendant should have paid to Plaintiff as enhanced PIP benefits;" statutory damages pursuant to C.R.S. § 10-4-708; damages for Defendant's breach of the implied duty of good faith and fair dealing; damages for Defendant's common law bad faith; non-economic damages; pre-judgment and post-judgment interest; and attorney fees and costs.

In addition to his Complaint, Plaintiff filed a Civil Case Cover Sheet in the state court. On the Civil Case Cover Sheet, Plaintiff checked the boxes indicating that the simplified procedure under C.R.C.P. 16.1 did not apply because "[Plaintiff] is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest or costs."

On May 29, 2008, Defendant removed this action on diversity grounds pursuant to 28 U.S.C. §§ 1332 & 1441. In its Notice of Removal, Defendant cited the Civil Case Cover Sheet filed by Plaintiff as evidence that the amount in controversy exceeds $75,000. By the motion, Plaintiff seeks to remand the case back to the Jefferson County District Court on the basis that Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy requirement is met.

## II. Analysis

"The amount in controversy requirement is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking the federal court's jurisdiction in this case, Defendant bears the burden of establishing that the amount in controversy requirement is satisfied. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290

(10th Cir. 2001). In meeting this burden, Defendant must set forth "the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin, supra* (*quoting Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992)). In analyzing Plaintiff's motion, I also bear in mind my obligation to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, ... and that the presumption is therefore 'against removal jurisdiction.'" *Martin.,* 251 F.3d at 1289 (citations omitted). *See also Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed ... and all doubts are to be resolved against removal.") .

Plaintiff's Complaint does not specify the amount of damages that Plaintiff is seeking. Defendant argues that it is nonetheless clear from Plaintiff's Complaint that he is seeking to recover $100,000, or the difference between the basic PIP benefits of $100,000 that Plaintiff's Complaint alleges Defendant provided to him and the $200,000 cap that insurers are entitled to place on all PIP benefits, on his claim for declaratory relief alone. Plaintiff points out, however, that Defendant has since provided him with an additional $50,000 in PIP benefits, thereby limiting his maximum recovery for enhanced PIP benefits to $50,000. Plaintiff further points out that there is no evidence in his Complaint as to the amount of medical expenses or lost wages he has incurred or any other damages he may be entitled to recover on his remaining claims. Under these circumstances, I agree that it is speculative whether the amount in controversy requirement is satisfied based solely on the allegations in Plaintiff's Complaint.

Defendant further argues that the Civil Case Cover Sheet filed by Plaintiff combined with the allegations in his Complaint satisfy Defendant's burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is met. For the reasons set forth in

*Baker v. Sears Holding Corp.,* 557 F. Supp.2d 1208, 1215 (D. Colo 2007), I agree that the Civil Case Cover Sheet alone is insufficient to establish the requisite amount in controversy. Specifically, the Civil Case Cover Sheet lacks the certification that render the complaint and notice of removal reliable evidence of the amount in controversy and fails to delineate the components of the claimed damages to allow analysis of whether they are recoverable under applicable law. In addition, the amount in controversy is determined by reference to the complaint and notice of removal under Tenth Circuit law. *Laughlin,* 50 F.3d at 873. For these same reasons, I conclude that Defendant may not rely on the Civil Case Cover Sheet to cure the speculative nature of its argument that the amount in controversy requirement is satisfied by the allegations in Plaintiff's Complaint. Accordingly, in light of the strict standards governing removal, I conclude that Defendant has failed to establish the requisite amount in controversy by a preponderance of the evidence and that this Court therefore lacks subject matter jurisdiction over Plaintiff's claims.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand Action to State Court [Doc #15] is GRANTED.

Dated: September __12__, 2008 in Denver, Colorado.

                                            BY THE COURT:

                                            ___s/Lewis T. Babcock_____
                                            LEWIS T. BABCOCK, JUDGE